IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| M.L.S., a minor, by and through his, Next Friend, Dylan Lingerfelt,<br><br>Petitioner,<br><br>v.<br><br>Warden, Upstate Evaluation and Development Center; Field Office Director, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement; David Venturella, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; Markwayne Mullins, in his official capacity as U.S. Secretary of Homeland Security; and Todd Blanche, in his official capacity as Attorney General of the United States,<br><br>Respondents. | Case No. 8:26-cv-04122-RMG |

**FEDERAL RESPONDENTS' NOTICE OF AUTHORITY**

During the hearing on September 28, 2026 (Dkt. No. 32), the Court invited the parties to submit case citations to support their respective positions regarding the proper party to bear the burden of proof during the upcoming bond hearing. To that end, Respondents Field Office Director, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement ("ICE"); David Venturella, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; Markwayne Mullins, in his official capacity as U.S. Secretary of Homeland Security; and Todd Blanche, in his official capacity as Attorney General of the United States (hereinafter "Federal Respondents") respectfully file this Notice of Authority.

Specifically, Federal Respondents submit that the Fourth Circuit addressed this issue in *Miranda v. Garland*, 34 F.4th 338, 356, 362–363 (4th Cir. 2022). Finding that the alien facing deportation bears the burden of proof, the Fourth Circuit stated

> [i]f, in the criminal context, requiring citizens to bear the burden to show that they are not a danger to the community and a flight risk is not unconstitutional, it cannot be unconstitutional for the government to place a similar burden on the alien facing removal proceedings especially considering the detention lasts only until removal.

*Id*. at 363; *see also id*. at 365 (discussing requirement for "alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk" and noting that the requirement does not violate the alien's rights under the Due Process Clause). Recently, the Fourth Circuit reaffirmed this position in *Lopez Garcia v. Gaudian*, No. 25-7044, No. 25-7050, 2026 WL 2661092, at n.3 (4th Cir. Sept. 10, 2026) (noting "district court improperly inverted the burden of proof at bond hearings.").

The Supreme Court also has recognized this principle, stating that

> [a]liens who are arrested because they are believed to be deportable may generally apply for release on bond or parole while the question of their removal is being decided. These aliens may secure their release by proving to the satisfaction of a Department of Homeland Security Officer or an immigration judge that they would not endanger others and would not flee if released from custody.

*Nielsen v. Preap*, 586 U.S. 392, 395 (2019).

For completeness, Federal Respondents note that some district courts in the Fourth Circuit have inverted the burden of proof when petitioners in immigration matters have been denied access to a bond hearing. Those courts ordered the respondents "to provide [the p]etitioner with a bond hearing during which [the r]espondents will bear the burden of showing whether [the noncitizen] is a danger or flight risk by clear and convincing evidence." *Mamami v. Crawford*, No. 3:26cv779,

2026 WL 2364745, at *7 (E.D. Va. Aug. 14, 2026); *see also*, *e.g.*, *Oladejo v. Perry*, No. 3:26cv449, 2026 WL 2100176, at *15 and n.11 (E.D. Va. July 21, 2026) (same); *Pacheco Tum v. Perry*, 3:26cv153, 2026 WL 711964, at *6 and n.14 (E.D. Va. Mar. 13, 2026) (same). Because, among other reasons, those cases involved petitioners who had been denied access to a bond hearing entirely, they are not applicable to the case at bar.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: *s/Jennifer L. Mallory*
Jennifer L. Mallory (#7435)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Phone: (803) 929-3102
Email: jennifer.mallory@usdoj.gov

September 28, 2026