**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| M.L.S., a minor, by and through his Next Friend, Dylan Lingerfelt<br>*Petitioner*,<br>v.<br>WARDEN, Upstate Evaluation Center, *et al.*,<br>*Respondents*. | Case No. 26-cv-4122-RMG-WSB<br>Honorable Richard Mark Gergel |

**PETITIONER'S NOTICE OF AUTHORITY PURSUANT TO DKT. 32**

Pursuant to the Court's order, Dkt. 32, Petitioner M.L.S. respectfully submits this notice of authority to address the issue of who should bear the burden of proof at any bond hearing ordered by this Court. The answer is clear: to re-detain M.L.S., the government must bear the burden of proof by clear and convincing evidence showing material changed circumstances indicating that M.L.S. now presents a flight risk or danger.

While the Fourth Circuit has held that in an *initial* bond hearing conducted under 8 U.S.C. § 1226(a), the noncitizen bears the burden of proof, *Miranda v. Garland*, 34 F.4th 38 (4th Cir. 2022), this finding does not extend to a situation, like M.L.S.'s, in which the government previously released the noncitizen from detention and now seeks to re-detain him. As detailed below, courts across the country, including in this Circuit post-*Miranda*, have concluded that due process requires the government to carry the burden in these circumstances. The Fourth Circuit's recent decision in *Lopez Garcia v. Gaudian*, No. 25-7044, No. 25-7050, 2026 WL 2661092, at n.3 (4th Cir. Sept. 10, 2026) does not undercut this authority, as that case, like *Miranda*, did not involve re-detention.

As the Fourth Circuit explained in *Miranda*, "'due process is flexible and calls for such procedural protections as the particular situation demands.'" 34 F.4th at 359 (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Indeed, "'not all situations calling for procedural safeguards call for the same kind of procedure.'" *Id*. In *Saravia v. Sessions*, the court considered a situation much like the one here, where the government sought to re-detain unaccompanied children previously released from custody. 280 F. Supp. 3d 1168 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). The court concluded that "because the minor cannot reasonably be rearrested absent a material change in circumstances, due process likewise requires that the minor receive a prompt hearing in which *the government must show* that these changed circumstances exist." *Id*. at 1197 (emphasis added).

Courts have since reiterated this conclusion in numerous other cases involving the re-detention of unaccompanied children and other noncitizens previously released from custody, also clarifying that the government must meet this burden by clear and convincing evidence. Indeed, as one court explained, "[t]his allocation reflects settled practice in redetention cases." *Dambreville v. Noem*, No. 4:25-cv-00514, 2026 WL 602174, at *5 (S.D. Iowa Jan. 12, 2026). For "[w]hen the [g]overnment seeks to continue detaining someone it previously released, fairness demands that the [g]overnment shoulder the burden of justifying that detention." *Id*.; *see also M.R.R. v. Chestnut*, No. 1:25-CV-01517, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) ("Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention."); *Reyes v. Hernandez*, No. 2:26-CV-00633, 2026 WL 820481, at *6 (W.D. Wash. Mar. 25, 2026) (ordering burden-shifted bond hearing upon re-detention of unaccompanied child and citing *Balwan v. Bondi*, No. 2:26-CV-00248, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (explaining that regardless

of the proper burden in initial § 1226(a) hearings, "under the particular and unique circumstances here," where the noncitizen has previously been released, "it is improper to ask the individual to 'share equally with society the risk of error when the possible injury to the individual' . . . "is so significant, a clear and convincing evidence standard of proof provides the appropriate level of procedural protection" (citation omitted))); *Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1257 (D.N.M. 2025) (similar); *Villegas-Sanchez v. Grant*, No. CIV-26-660-D, 2026 WL 1471517, at *8 (W.D. Okla. May 26, 2026), *report and recommendation adopted as modified sub nom. Villegas-Sanchez v. Mullin*, No. CIV-26-660-D, 2026 WL 1726290 (W.D. Okla. June 15, 2026) (collecting re-detention cases).

Similarly, in a recent case in which the government had already re-detained a young person it had previously released as an unaccompanied child without any pre-deprivation process, the U.S. District Court for the Eastern District of Virginia ordered the petitioner's release and "enjoined his re-detention absent a pre-deprivation hearing in which Respondents carry the burden of establishing changed circumstances justifying [the petitioner's] re-detention based on his flight risk or danger to the community." *Sarmiento v. Perry*, 824 F. Supp. 3d 514, 522 (E.D. Va. 2026). As Respondents themselves acknowledge, other district courts in this Circuit equally have shifted the burden when the circumstances were clearly different from those in *Miranda*. Dkt. 34 at 2-3 (collecting cases); *see also Vasquez Trejos v. Venturella*, No. 3:26CV678, 2026 WL 2690232, at n.4, *4 (E.D. Va. Sept. 11, 2026) (noting that the Fourth Circuit's decision in *Lopez Garcia* does not "materially change" this conclusion). Petitioner respectfully urges this Court to do the same.

Petitioner also writes to briefly address two issues involving the Laken Riley Act (the "Act") discussed at yesterday's hearing. First, Petitioner was able to find no case other than *C.R.J.M. v. Kennedy* that speaks directly to the question of whether juvenile delinquency can

trigger mandatory detention under the Act. No. 2:26-cv-00742, 2026 WL 809940, at *3 (E.D. Cal. Mar. 24, 2026). Although Petitioner agrees with the Court that *Doe v. Moniz* is persuasive as to whether the Act's application in certain circumstances comports with the Constitution, *Doe* did not address the issue of juvenile delinquency at all, 800 F.Supp.3d 203 (D. Mass. 2025). It involved a young adult immigrant who had been granted SIJS whose triggering conduct for ICE detention was an adult shoplifting arrest, not any act of juvenile delinquency. *Id.* at 207. None of the over 100 cases that cite *Doe* address this issue either. None of the petitioners in cases citing *Doe* had their detention triggered by juvenile delinquency conduct. In the absence of any other cases addressing this issue, *C.R.J.M.* remains compelling and should not be deemed an outlier case.

Second, Petitioner maintains that if Congress wanted to upend decades of agency precedent and include acts of juvenile delinquency within the provisions of the Act, it would have been explicit, as it has been in the past. *See* 8 U.S.C. § 1154(a)(1)(A)(viii) (includes certain delinquency dispositions as defined at 34 U.S.C. § 20911(8)); 8 C.F.R. § 236.13(d). The failure to unanimously adopt Senator Merkley's proposed amendments to the Act is not dispositive of Congress's intent to include acts of juvenile delinquency[1]. Indeed, it could be equally indicative of certain members of Congress's understanding that they were legislating against a clear backdrop of agency precedent (and federal law) recognizing that acts of juvenile delinquency are not crimes, and thus that there was no need to explicitly exclude them from the Act. *Pension Benefit Guar. Corps. v. LTV Corp.*, 496 U.S. 633, 650 (1990) ("Congressional inaction lacks 'persuasive significance' because 'several equally tenable inferences' may be drawn from such inaction, 'including the inference that the existing legislation already incorporated the offered change.'").

---

[1] The statement by Senator Merkley and his debate with Senator Britt refer to juvenile adjudications or discuss how juvenile adjudications should be treated under the Laken Riley Act. *See* 171 Cong. Rec. S213-215 (statement of Sen. Merkley and debate between Sen. Merkley and Sen. Britt).

The Court thus need only look to the plain language of the Act and other canons of statutory construction to conclude that the Act does not apply to juvenile delinquency. *See* Dkt. 28 at 4-8;[2] *cf. Brandon Y. M. v. Andrews,* No. 1:25-CV-01962, 2026 WL 125234, at *3-4 (E.D. Cal. Jan. 16, 2026) (holding that Act is not triggered when an individual is arrested but released with no filed accusatory pleading because under California Penal Code those kinds of arrests are not deemed an arrest but a detention only); *Martinez v. Mullin*, No. 5:26-CV-03805, 2026 WL 2111747, at *3-4 (C.D. Cal. July 20, 2026) (discussing canons of statutory construction and legislative history to explain why the Act did not apply when the petitioner was not currently under arrest or pending charges).

Date: September 29, 2026,

Respectfully submitted,

s/Brad Banias
BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, SC 29403
843.352.4272
brad@baniaslaw.com
SC Bar No.: 76653
Fed ID No.: 11585bb

s/Stephanie E. Norton
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009[3]
202-217-4742
ellie@nipnlg.org
Admitted Pro Hac Vice

[2] Petitioner notes that several circuit courts have also confirmed the holding in *Matter of Devison* that "juvenile delinquency proceedings are not criminal proceedings, that acts of juvenile delinquency are not crimes, and that findings of juvenile delinquency are not convictions for immigration purposes." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 922, fn 3 (9th Cir. 2007); *see also Savchuck v. Mukasey*, 518 F.3d 119, 122 (2d Cir. 2008); *Uritsky v. Gonzales*, 399 F.3d 728, 730 (6th Cir. 2005).

[3] Not admitted in DC, working remotely from Wyoming and admitted in Wyoming and New York only.

s/Diana Marin
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009[4]
734-307-0862
diana@nipnlg.org
Admitted Pro Hac Vice

*Attorneys for Petitioner*

[4] Not admitted in DC, working remotely from Michigan and admitted in Michigan and New York only.