**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

M.L.S., a minor, by and
through his Next Friend, Dylan Lingerfelt

*Petitioner*,

v.

WARDEN, Upstate Evaluation Center, *et al.*,

*Respondents*.

Case No. 26-cv-4122-RMG-WSB

Honorable Richard Mark Gergel

**PETITIONER'S MOTION TO RECONSIDER**

Petitioner M.L.S. respectfully moves this Court to reconsider one aspect of its September 29, 2026 order, Dkt. 36: whether to order that the government must carry the burden of showing by clear and convincing evidence that M.L.S. presents a flight risk or danger to the community at his upcoming bond hearing, which has been scheduled for **Friday, October 2, at 9:00am**. While the Court left the question of burden to the immigration judge who conducts the bond hearing, Dkt. 36 at 14, because this question is a constitutional one, Fourth Circuit precedent makes clear that only this Court can decide it.

Counsel for Petitioner reached out to counsel for Respondents to get their position on this motion, but given the time sensitivity, Counsel for Petitioner has not heard back from counsel for Respondents.

The bond hearing that this Court has ordered is not a traditional bond hearing under 8 U.S.C. § 1226(a), because it is the Court's opinion that the Laken Riley Act applies; accordingly, the Court ordered a bond hearing as a matter of due process. *Id.* at 8–10. The question of who should hold the burden of proof, and what that burden should be, in a bond hearing not governed

by 8 U.S.C. § 1226(a) or any other statute is also a question of what due process requires. *See Miranda v. Garland*, 34 F.4th 338, 358–59 (4th Cir. 2022); *see also* Dkt. 35 at 2–3 (collecting district court cases deciding the issue of burden as a matter of due process).

However, as the Fourth Circuit recently confirmed, "immigration judges and the Board of Immigration Appeals [BIA] lack jurisdiction to decide constitutional challenges." *Suri v. Trump*, 184 F.4th 260, 294 (4th Cir. 2026). Thus, "a due process challenge to the standard or burden of proof applied at a bond determination hearing may only be addressed by the Court because the BIA lacks the authority to consider constitutional claims." *Graterol Guedez v. Raycraft*, No. 26-11285, 2026 WL 1696650, at *7 (E.D. Mich. June 11, 2026) (citing *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (holding, like the Fourth Circuit, that "the BIA lacks authority to review constitutional challenges"). For all the reasons explained in M.L.S.'s notice of supplemental authority of September 29, 2026, Dkt. 35, M.L.S. respectfully urges the Court to find that due process requires the burden to fall on the government by clear and convincing evidence, as is "settled practice in redetention cases," *Dambreville v. Noem*, No. 4:25-cv-00514, 2026 WL 602174, at *5 (S.D. Iowa Jan. 12, 2026).

Date: October 1, 2026,

Respectfully submitted,

s/Brad Banias
BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, SC 29403
843.352.4272
brad@baniaslaw.com
SC Bar No.: 76653
Fed ID No.: 11585bb

s/Stephanie E. Norton
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645

Washington, DC 20009[1]
202-217-4742
ellie@nipnlg.org
Admitted Pro Hac Vice

s/Diana Marin
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009[2]
734-307-0862
diana@nipnlg.org
Admitted Pro Hac Vice

*Attorneys for Petitioner*

[1] Not admitted in DC, working remotely from Wyoming and admitted in Wyoming and New York only.
[2] Not admitted in DC, working remotely from Michigan and admitted in Michigan and New York only.